| iTHIBODEAUX, Judge.,
dissenting.
Article I § 5 of the Louisiana Constitution contains the prohibition against unreasonable searches, seizures, or invasions of privacy. It states that: “[ejvery person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy ...” In this ease, the seizure occurred before the preparation of an affidavit and the search warrant. It was, therefore, a war-rantless seizure. This seizure clearly was not supported by probable cause.
*666 The majority recognizes those cases which touch on the subject of the qualifications of drug detection dogs. Although no case has directly addressed this issue, the language in the cases which utilize these detection dogs leaves no doubt that these creatures need the requisite qualifications. The majority recognizes these 12cases, yet refuses to apply them, even in the face of a complete lack of testimony regarding the qualifications and reliability of the dogs. Reliance on assertions in the affidavits supporting the issuance of the search warrant supposedly justifies this obvious void in the record. The affidavit contained minimal information on the dogs’ qualifications, e.g., certification with the United States Police Canine Association and their use in prior drug cases. State v. Foret, 628 So.2d 1116 (La.1993) set out the parameters for the admissibility of experts and scientific evidence and testimony. Scientific evidence and expert testimony must be relevant and reliable to be admissible. According to For-et, an expert’s opinion must have a reliable basis in the knowledge and experience of his discipline. The majority opinion lends the impression that we require less qualifications of dogs than we do of human experts.
The “good faith” exception articulated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) somehow rendered the concern over the dogs’ qualifications moot. However, United States v. Leon does not apply. Leon applies to the suppression of evidence seized pursuant to a search warrant. In this case, the safe was already seized before the search warrant was ever obtained. As indicated previously, this seizure was a warrantless seizure which makes the affidavit and its content irrelevant. The safe was seized only because the uncerti-fied, unqualified drug detection dogs “alerted on the safe.” Probable cause was woefully lacking.
For the foregoing reasons, I respectfully dissent.